FILED & ENTERED

OCT 20 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY **HANDY**    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 9:14-bk-10690-PC |
| JOHN SPERRY REYNOLDS, | Chapter 11 |
| | **MEMORANDUM DECISION** |
| | Date:  October 8, 2014 |
| | Time:  9:30 a.m. |
| | Place: United States Bankruptcy Court |
| | Courtroom # 201 |
| Alleged Debtor. | 1415 State Street |
| | Santa Barbara, CA  93101 |

John Sperry Reynolds ("Reynolds"), against whom an involuntary case under chapter 11 was commenced on April 7, 2014, and dismissed on September 22, 2014, pursuant to 11 U.S.C. § 305(a)(1),[1] seeks a judgment against Summerland Market, Inc. and Elian Hanna ("Petitioning

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).  "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P.").  "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

Creditors") for actual and punitive damages, reasonable attorneys' fees, and costs pursuant to 11 U.S.C. § 303(i) ("Reynolds' § 303(i) Motion"). The Petitioning Creditors oppose the motion. Having considered the papers, the evidentiary record, and arguments of counsel, the court grants Reynolds' § 303(i) Motion, in part, and denies the motion, in part, based upon the following findings of fact and conclusions of law made pursuant to F.R.Civ.P. 52(a), as incorporated into FRBP 7052 and applied to contested matters by FRBP 9014(c).

## I.  STATEMENT OF FACTS

On April 7, 2014, the Petitioning Creditors filed an involuntary petition against Reynolds in this case. The Petitioning Creditors were joined by John A. Strange who filed a Joinder of Creditor in Involuntary Petition Pursuant to 11 U.S.C. § 303(c) on April 30, 2014. On May 16, 2014, Reynolds filed a motion seeking (a) dismissal of the involuntary petition pursuant to 11 U.S.C. § 303; (b) dismissal under 11 U.S.C. § 707(a); or (c) abstention and dismissal of the involuntary petition under 11 U.S.C. § 305(a)(1). The Petitioning Creditors filed a response in opposition to Reynolds' motion on June 11, 2014, to which Reynolds filed a reply on June 18, 2014.

At a hearing on July 30, 2014, the court granted Reynolds' motion insofar as it sought abstention and dismissal under 11 U.S.C. § 305(a)(1) and denied the motion insofar as it sought a dismissal under either 11 U.S.C. § 303 or 11 U.S.C. § 707(a). In so holding, the court stated:

> [T]he court has determined that it will abstain from hearing the case because both the putative debtor and the petitioning creditors would be best served by abstention and dismissal. It would not – it would be inefficient and uneconomical for the case to proceed [in] this court because this is essentially a two-party dispute. Elian Hanna and Summerland Market, Incorporated, have a judgment for $798,472.87, which comprised 98 percent of the claims of the petitioning creditors. There is a pending state court action. There was litigation – post-judgment motions pending in that case at the time of the filing of the involuntary petition.
>
> The state court – the involuntary petition came after the entry of a judgment after a jury trial. Superior Court entered a judgment on February 25, 2014. It appears that the petitioning creditors may have filed the petition to delay a hearing on a motion for new trial in the Superior Court that was set for the following da[y], April 8, 2014.

> The Court believes that abstention is also in the best interests of the putative debtor because as stated – as indicated in the evidentiary record by declaration from [the] putative debtor, his reputation as a real estate agent is or will be or is currently being damaged as due to the pendency of the involuntary bankruptcy petition.
>
> The Court believes the issues that are in dispute between the majority of the petitioning creditors and the putative debtor can be resolved in state court by virtue of further proceedings on a motion for new trial or on appeal or enforcement of a judgment absent some type of supersedeas bond, but these are all state court issues, state law issues that can be resolved in a state court, not in Bankruptcy Court.[2]

The court further denied without prejudice the movant's request for attorneys' fees and costs, but stated that "the case will remain open for a period of 30 days pending a filing by movant if movant elects to do so [a] motion seeking attorney's fees and costs pursuant to Section 303(i)."[3]  An Order Denying Motion to Dismiss Involuntary Petition and Granting Alleged Debtor's Motion to Abstain ("Order") was entered on September 22, 2014.  The Order stated, in pertinent part:

> ORDERED that the Court denes [sic] the motion to dismiss pursuant to 11 U.S.C. § 303(b) and the alternative relief requested under 11 U.S.C. § 707; and it is further
>
> ORDERED that the Court grants the motion to dismiss under the provisions of 11 U.S.C. § 305(a)(1) inasmuch as the Court finds that under the totality of the circumstances that the interests of creditors and the debtor will be served by a dismissal under that Section; and it is further
>
> ORDERED this case will be kept open thirty (30) days from the hearing on the Motion in order for the Movant, if the Movant elects to do so pending the filing of a motion seeking attorney's fees and costs under § 303(i), and thereafter will abstain from any further matters in this case pursuant to 11 U.S.C. § 305; and it is further

---

[2]  Transcript of Hearing Re: Motion to Dismiss [Dkt # 49], 12:16 - 13:23 ,

[3]  Id. at 14:3-6.

>    ORDERED that unless a hearing on a motion for sanctions is <u>filed and heard</u> within thirty (30) days from the hearing on the Motion, this case will be closed and no further proceedings will take place in this case . . . .[4]

Reynolds' § 303(i) Motion was filed on August 29, 2014. On September 12, 2014, the Petitioning Creditors filed their response in opposition to Reynolds' § 303(i) Motion asserting, among other things, that Reynolds' motion was untimely under the terms of the Order.

After a hearing on October 8, 2014, the court determined that Reynolds' § 303(i) Motion was timely[5] and took the remaining issues under submission.

## II. DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

### A. The Order Did Not Limit the Jurisdiction of the Court to Consider Relief Requested Under 11 U.S.C. § 303(i)

In their opposition, the Petitioning Creditors <u>repeatedly</u> assert that the court relinquished <u>jurisdiction</u> to consider Reynolds' § 303(i) Motion insofar as it seeks actual and punitive damages under 11 U.S.C. § 303(i)(2), and that the court lost <u>jurisdiction</u> to consider the motion insofar as it seeks an award of attorneys' fees and costs under 11 U.S.C. § 303(i)(1) thirty days after the hearing on July 30, 2014. Nothing could be further from the truth.

Bankruptcy jurisdiction is governed by statute. 28 U.S.C. § 1334. That jurisdiction is not limited, relinquished, or otherwise affected by the closing or reopening of a bankruptcy case. <u>See, e.g.</u>, <u>Menk v. Lapaglia (In re Menk)</u>, 241 B.R. 896, 906 (9th Cir. BAP 1999) "[T]here is no jurisdictional requirement that a closed bankruptcy case be reopened before 'arising under'

---

[4] Order [Dkt. #51], 2:7-18 (emphasis added).

[5] On October 1, 2014, Reynolds filed a motion seeking to correct the language of the Order to make it conform to the court's ruling by deleting the words "and heard" from page 2, line 18 of the Order. The motion was set for hearing on October 8, 2014, on shortened notice, and the Petitioning Creditors were given an opportunity to respond. At the hearing on October 8, 2014, the court granted Reynold's motion and ordered that the words "and heard" be stricken from the Order.

jurisdiction can be exercised to determine whether a particular debt is excepted from discharge."); Koehler v. Grant, 213 B.R. 567, 569 (8th Cir. BAP 1997) ("The court's jurisdiction does not end once a plan is confirmed or the case is closed."). Under no circumstances did the court limit, lose or relinquish its statutory jurisdiction simply by setting a deadline in the Order for Reynolds to file the Reynolds' § 303(i) Motion or stating that the case would be closed if the motion was not timely filed.

    B. Reynold's Motion for an Award of Actual and Punitive Damages Pursuant to 11 U.S.C. § 303(i)(2) Will Be Denied

Reynolds seeks an award of "damages proximately caused by the filing of $100,000.00, and punitive damages at the Court's discretion, but no less than $78,000.00." Reynolds claims that "[t]he damages and punitive damages are warranted because the petitioning creditor Elian Hanna and Summerland Market, Inc. filed the initial petition in bad faith." The Petitioning Creditors oppose the request, arguing that "[t]his Court found that the petition was filed in good faith and not in violation of 11 U.S.C. § 303, and it did not dismiss the case under the provisions of said section." Petitioning Creditors further assert that abstention and dismissal under 11 U.S.C. § 305(a)(1) cannot give rise to a damage claim under 11 U.S.C. § 303(i)(2). Petitioning Creditors are wrong on both counts.

First, Petitioning Creditors' assertion that the court made a finding of good faith is belied by the Transcript of the hearing on July 30, 2014. The court made no express finding with respect to the issue of whether or not the involuntary petition was filed in good faith. The court found that the Petitioning Creditors had standing to file the involuntary petition, but elected to abstain and dismiss under 11 U.S.C. § 305(a)(1), rather than grant the alternative relief requested under either 11 U.S.C. § 303 or 11 U.S.C. § 707(a), given the facts and circumstances of the case.

Second, the Petitioning Creditors in their response misrepresent the holding in Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.), 370 B.R. 236 (9th Cir. BAP 2007). Petitioning Creditors cite correctly the selected language of Macke Int'l's footnote 12, which states: "The legislative history further instructs that '[d]ismissal in the best interests of creditors

1 under section 305(a)(1) would not give rise to a damages claim.'" Id. at 251 n.12. However, this language is taken completely out of context. In Macke Int'l, the bankruptcy court abstained and dismissed an involuntary petition under 11 U.S.C. § 305(a)(1), awarded attorneys' fees of $20,000, and denied a request for punitive damages. Id. at 244. The BAP affirmed, holding with respect to punitive damages that the bankruptcy court did not err in denying an award of punitive damages having determined that the involuntary petition was not filed in bad faith. Id. at 257. The BAP did not hold, nor can Macke Int'l reasonably be interpreted as holding, that as a matter of law actual and/or punitive damages are not authorized under 11 U.S.C. § 303(i)(2) upon abstention and dismissal of an involuntary petition under 11 U.S.C. § 305(a)(1).

Section 303(i) states that "[i]f the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment –

(1) against the petitioners and in favor of the debtor for -- (A) costs; or (B) a reasonable attorney's fee; or

(2) against any petitioner that filed the petition in bad faith for -- (a) any damages proximately caused by such filing; or (B) punitive damages.

11 U.S.C. § 303(i). "Punitive damages are awardable 'against any petitioner that filed the petition in bad faith.'" Macke Int'l, 370 B.R. at 256. "The Bankruptcy Code does not define 'bad faith' for purposes of awarding punitive damages under § 303(i)." Jaffe v. Wavelength, Inc. (In re Wavelength, Inc.), 61 B.R. 614, 619 (9th Cir. BAP 1986). "Bad faith [is] measured by an 'objective test' that asks 'what a reasonable person would have believed.'" Id. "In the Ninth Circuit, the bankruptcy court can allow punitive damages without having to award compensatory or actual damages, or in addition to those damages." Macke Int'l, 370 B.R. at 256; Wavelength, 61 B.R. at 621.

Although no express finding was made as to "bad faith" at the hearing on July 30, 2014, the court does not believe that an award of either actual or punitive damages is merited under 11 U.S.C. § 303(i)(2). While the findings made on the record at the hearing on July 30, 2014, might support a finding of ill-will between Reynolds and the Petitioning Creditors, the

court is not convinced that the Petitioning Creditors' behavior rises to the level of malicious or vengeful given the totality of the circumstances. Even if the court were to find bad faith, there is no evidence to support Reynolds' claim of $100,000 in actual damages nor to measure Reynolds' claim of not less than $78,000 in punitive damages. Finally, the court implicitly denied Reynolds' request for damages under 11 U.S.C. § 303(i)(2) at the July 30th hearing and in the Order by limiting Reynolds' relief under 11 U.S.C. § 303(i) to a request for reasonable attorneys' fees and costs. For these reasons, Reynolds' request for damages under 11 U.S.C. § 303(i)(2) is denied.

## C. Reynold's Motion for an Award of Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i)(1) Will Be Granted

"[T]he plain meaning of § 303(i) provides that, unless an involuntary petition has been dismissed with the parties' consent, and without the debtor's waiver of the right to judgment under § 303(i), the bankruptcy court, based upon the totality of the circumstances, may, in its discretion, award attorney's fees and costs under § 303(i)(1) for a § 305(a)(1) dismissal of an involuntary petition." Macke Int'l, 370 B.R. at 253. "[I]n the Ninth Circuit, the presumption is that, upon dismissal of an involuntary petition, attorney's fees and costs are to be awarded to the alleged debtor whether or not the filing was in bad faith." Id. at 255.

> Unlike fee awards under 11 U.S.C. § 330, the statute, rules, and case law interpreting § 303 have not delineated clear standards for finding whether a particular fee is justified. At a minimum, however, compensation should be reasonable. Any award should also be based on detailed accounts of services rendered. Although the type of fee application used for § 330 awards is not requisite, the records submitted in a § 303(i) setting should clearly identify the nature of work performed, its relevance to the defense of the involuntary petition, and the time expended.

Wavelength, 61 B.R. at 621. "[A] bankruptcy court has broad discretion to determine the number of hours reasonably expended." Macke Int'l, 370 B.R. at 254.

In this case, the court will award Reynolds reasonable attorneys' fees and costs pursuant to 11 U.S.C. § 330(i)(1). Reynolds requests an award of attorneys' fees in the amount of $26,450. However, the only evidence submitted to permit the court to determine the reasonableness of the fees sought by Reynolds is the Declaration of Martin P. Cohn [Dkt. # 48]

7

filed on September 12, 2014.  Mr. Cohn states in his declaration that he spent no less than "66 hours of attorney time on this matter" billed at a rate of $400 per hour.  The declaration does not state when the services commenced nor indicate when the last of the 66 hours of services was completed.  Nor is the declaration supported by contemporaneous itemized time records indicating the nature of the work performed, the date performed, or the time expended.  Without this information, the court is unable to make a finding that the award of attorneys' fees sought by Reynolds is reasonable.

      Accordingly, the court will order that Reynolds' counsel file and serve, not later than November 7, 2014, a declaration supported by contemporaneous time records describing in detail the legal services rendered and costs advanced to Reynolds for which compensation is sought to defend the involuntary petition.  The declaration must include (1) a description of each task; (2) the time spent on such task; and (3) the rate charged for such task.  Any response to the declaration must be filed and served by the Petitioning Creditors not later than November 21, 2014.  Reynolds may file and serve a reply not later than November 28, 2014.

      A separate order will be entered consistent with this Memorandum Decision.

###

Date: October 20, 2014

Peter H. Carroll
United States Bankruptcy Judge