

**FILED & ENTERED**

**MAR 09 2015**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY HANDY    DEPUTY CLERK**

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 9:14-bk-10690-PC |
| JOHN SPERRY REYNOLDS, | Chapter 11 |
| | **MEMORANDUM DECISION** |
| Debtor. | |

On October 20, 2014, the court entered an Order on John Sperry Reynolds' Motion for Reasonable Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i)(1)[1] and for Actual and Punitive Damages Pursuant to 11 U.S.C. § 303(i)(2) [Dkt. # 71] ("Order") in which the court:

> ORDERED that Reynolds' § 303(i) Motion is denied insofar as it seeks a judgment against the Petitioning Creditors for actual and punitive damages pursuant to 11 U.S.C. § 303(i)(2);

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

ORDERED that Reynolds' § 303(i) Motion is granted insofar as it seeks an award of reasonable attorneys' fees and costs against the Petitioning Creditors pursuant to 11 U.S.C. § 303(i)(1);

ORDERED that Reynolds' counsel must file and serve, not later than November 7, 2014, a declaration supported by <u>contemporaneous time records</u> describing in detail the legal services rendered and costs advanced to Reynolds for which compensation is sought to defend the involuntary petition;

ORDERED that the declaration must include (1) a description of each task; (2) the time spent on such task; and (3) the rate charged for such task;

ORDERED that the Petitioning Creditors must file and serve a response to the declaration not later than November 21, 2014; and

ORDERED that any reply must be filed and served by Reynolds not later than November 28, 2014.[2]

On November 7, 2014, John Sperry Reynolds ("Reynolds") filed a Declaration of Raymond Rengo in Support of Petition for John Sperry Reynolds' Request for Costs and Attorney's Fees. In response thereto, the Petitioning Creditors, Summerland Market, Inc. and Elian Hanna (collectively, "Petitioning Creditors") filed the Declaration of William Brownstein and Evidentiary Objections to the Declaration of Raymond Rengo on November 21, 2014,[3] to which no reply was filed by Reynolds. The evidentiary record having closed, the court awards Reynolds reasonable attorneys' fees in the amount of $22,740 pursuant to 11 U.S.C. § 303(i)(1) based upon the following findings of fact and conclusions of law made pursuant to F.R.Civ.P. 52(a), as incorporated into FRBP 7052 and applied to contested matters by FRBP 9014(c).

In determining "reasonable compensation," the court must consider the nature, extent and value of the services, taking into account "all relevant factors," including: (1) time spent on the services; (2) rates charged for the services; (3) whether the services were: (i) necessary to the administration of the bankruptcy case; or (ii) beneficial at the time the services were rendered

---

[2] Order, 2:1-16 (emphasis added).

[3] The Petitioning Creditors Evidentiary Objections to the Declaration of Raymond Rengo are overruled. The objections go primarily to the weight of the evidence presented rather than to the admissibility of the testimony contained in the declaration.

toward completion of the case; (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; (5) with respect to a professional person, whether the person is board certified or has otherwise demonstrated skill and experience in the bankruptcy field; and (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in nonbankruptcy cases.  See 11 U.S.C. § 330(a)(3).

The "lodestar" formula (under which the number of hours reasonably expended is multiplied by a reasonable hourly rate for the person providing the services) is the traditional standard for assessing an attorneys' fee application in bankruptcy.  See Law Offices of David A. Boone v. Berham-Burk (In re Eliapo), 468 F.3d 592, 598–99 (9th Cir. 2006); Yermakov v. Fitzsimmons (In re Yermakov), 718 F.2d 1465, 1471 (9th Cir. 1983).  A bankruptcy practitioner's compensation, including the hourly rate charged, must be commensurate with the compensation received by comparably skilled attorneys in other practice areas.  11 U.S.C. § 330(a)(3)(F); In re Fleming Cos., Inc., 304 B.R. 85, 93 (Bankr. D. Del. 2003).

"Generally, a bankruptcy court has broad discretion to determine the number of hours reasonably expended."  Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.), 370 B.R. 236, 254 (9th Cir. BAP 2007).  "[E]ven where evidence supports [that] a particular number of hours [were] worked, the court may give credit for fewer hours if the time claimed is 'excessive, redundant, or otherwise unnecessary.'"  Id. (quoting Dawson v. Wash. Mut. Bank, F.A. (In re Dawson), 390 F.3d 1139, 1152 (9th Cir. 2004).  With respect to the hourly rate, a bankruptcy court is not required to "assume that the rate charged [is] the appropriate lodestar rate only because it was the rate actually charged."  See Dawson, 390 F.3d at 1152 (emphasis in original).  "A bankruptcy court may consider the 'quality and efficiency of counsel's services' in order to determine the appropriate lodestar rate."  Macke Int'l Trade, 370 B.R. at 254.

Hourly Rate Charged

Reynolds seeks an award of reasonable attorneys' fees based on an hourly rate of $400 per hour.  Raymond Rengo ("Rengo") testified in support of the request:

> I have been licensed to practice in California since 2007. COHN STEWART'S practice emphasizes in real estate, family law, civil litigation, and bankruptcy. COHN STEWART has handled numerous cases involving complex bankruptcies and civil litigation. . . . The hourly rate for attorneys at COHN STEWART is $400.00 per hour which is a reasonable rate in this community for attorneys with similar experience; I am informed and believe that these rates are the usual and customary rates charged by attorneys of law firms in this community based upon experience.

The court takes judicial notice of Cohn Stewart's website [www.cohnstewart.com] at which the firm lists Martin P. Cohn (Cohn") and Michael Margaret Stewart, principals, Rengo, an associate, and Elizabeth A.G. Cox, a paralegal. According to the website, Cohn has practiced law "for more than two decades." Rengo, on the other hand, testified that he was licensed in 2007 -- about seven years ago. Reynolds has not provided evidence to justify an award of reasonable attorneys' fees for the work performed by both Cohn and Rengo at an hourly rate of $400 given the vast disparity in experience between Cohn and his associate, Rengo.[4] The court takes judicial notice that an hourly rate of $400 for Cohn's services and an hourly rate of $300 for Rengo's services is well within the range of hourly rates charged by comparably skilled attorneys for similar services rendered in chapter 11 cases pending in the United States Bankruptcy Court for the Central District of California.

<u>Time Reasonably Expended</u>

Reynolds seeks an award of reasonable attorneys' fees of $36,308 for 92.75 hours of legal services rendered by Cohn Stewart between April 17, 2014 and October 8, 2014, to defend the involuntary chapter 11 petition filed by the Petitioning Creditors against him. In their opposition, the Petitioning Creditors have targeted a number of deficiencies in the billing statement attached as Exhibit A to Rengo's declaration in support of Reynolds' fee request, including the following:

> a. Cohn Stewart Invoice # 10967 dated November 7, 2014, appears to be a cumulative summary of attorneys' fees rendered and costs advanced to Reynolds from April 7, 2014 to October 8, 2014. There is no showing either in the declaration or the exhibit that the

---

[4] Cohn Stewart's Invoice # 10967 attached as Exhibit A to Rengo's declaration inexplicably shows a $400 hourly rate for Rengo when he is charging for services and a $300 hourly rate when he is writing off the cost of a service.

4

billing statement is based on time records maintained contemporaneously with the legal services rendered for which compensation is sought.

b. Time spent on tasks is accounted for in 1/4ths of an hour, not in 1/10ths of an hour.

c. Involce # 10967 includes the following entries for "lumped services:"

| | | | |
|---|---|---|---|
| (1) | 5/2/14 | Receive and review transcript of Superior Court hearing of December 23, 2014 indicating stay of enforcement of judgment. Research statutes and case law regarding involuntary bankruptcy. | 2.50 R |
| (2) | 5/9/14 | Sent correspondence to client regarding motion. Continued research and drafting of Alleged Debtor's Motion to Dismiss. | 3.25 MPC |
| (3) | 5/14/14 | Continued drafting Memorandum for Motion to Dismiss; communicate with client regarding supporting declaration. | 4.50 MPC |
| (4) | 6/18/14 | Research applicable statutes and case law regarding issues raised in Petitioning Creditor's Opposition to Motion to Dismiss. Draft and file Reply to Petitioning Creditor's Opposition. | 3.00 R |
| (5) | 7/7/14 | Corresponded with Opposing Counsel William Brownstein and client regarding potential deposition. Research statutes and case law regarding bankruptcy deposition practice. | 0.50 MPC |
| (6) | 8/27/14 | Continue research of award of attorney's fees following a dismissal from an involuntary bankruptcy, begin draft of motion. Review all pleadings and correspondence with parties and client. Client meeting regarding effect of bankruptcy on him. | 2.75 R |
| (7) | 9/11/14 | Review record of pleadings and correspondence throughout the litigation; prepare declaration in support of Alleged Debtor's Motion for Attorney's Fees. | 2.50 R |
| (8) | 9/12/14 | Finalize supplemental declaration and meet and confer with Martin P. Cohn regarding same. Prepare supplemental declaration for filing. | 1.25 R |
| (9) | 9/22/2014 | Receive and review order submitted by petitioning creditor containing rulings that the Bankruptcy Court had not issued. Research statutes and case law regarding objection to petitioning creditor's order. | 0.75 R |
| (10) | 9/29/14 | Research, draft, and file objection to petitioning creditor's submitted order. | 1.75 R |
| (11) | 10/1/14 | Research statutes and case law and local rules | 4.50 R |

|   |   |   |
|---|---|---|
|   | regarding motions to reconsider on shortened time in response to petitioning creditor's submitted order. Research, draft, and file Motion to Reconsider, application for order to have motion to reconsider heard on shortened time, notice of lodgment of order, and supporting declaration of John Sperry Reynolds. |   |
| (12) 10/8/14 | Prepare for and attend hearing on Motion to Reconsider petitioning creditor's submitted order and Motion for Attorney's Fees. Meet with client after hearing. | 2.25 MPC |
|   | Total Lumped Hours | 29.5 hours |

d. Hours billed appear to be excessive given the task described in the invoice. For example:

  (1) A total of more than 20 hours spent on preparing and filing a motion to dismiss the involuntary petition.
  (2) One hour spent to prepare and file a declaration regarding service on October 3, 2014.

Excessive Time Spent on Tasks

The reasonableness of the time expended is an integral part of the lodestar analysis. In that regard, the court finds that 20 hours spent preparing and filing the dismissal motion is extravagant given the issues raised by the involuntary petition. Nor is the court convinced that a declaration regarding service necessitates one full hour of attorney time. Accordingly, the court will reduce by 10 hours and .5 hours, respectively, the number of hours which reasonably should have been expended by Cohn Stewart in connection with the dismissal motion and declaration regarding service.

Lumping of Services

In an application for fees incurred or costs advanced by an attorney, "[t]ime spent must be accounted for in tenths of an hour and broken down in detail by the specific task performed." LBR 2016-1(a)(1)(E)(iii). "Lumping of services is not satisfactory." Id. "[L]umping or clumping is universally discouraged by bankruptcy courts because it permits an applicant to claim compensation for rather minor tasks which, if reported separately, might not be compensable." In re Stewart, 2008 WL 8462960, *6 (9th Cir. BAP 2008). "When services are lumped together, the bankruptcy court is prevented from determining the necessity of each

service and 'from fairly evaluating whether individual tasks were expeditiously performed within a reasonable period of time.'" Thomas v. Namba (In re Thomas), 2009 WL 7751299, *5 (9th Cir. BAP 2009) (quoting In re Hudson, 364 B.R. 875, 880 (Bankr. N.D.N.Y. 2007).

"When fee applications are submitted with a portion or all of the requested fees based on lumped entries, courts may reduce, rather than disallow, compensation." Thomas, 2009 WL 8462960, at *6. "In setting a percentage penalty for lumping, most courts 'typically make an adjustment ranging from 5% to over 30%, which is consistent with the finding of the California State Bar's Committee on Mandatory Fee Arbitration that block billing may increase time by 10% to 30%." Id. at *7 (quoting Darling Int'l Inc. v. Baywood Partners, Inc., 2007 WL 4532233, *9 (N.D. Cal. 2007)). "However, the total amount of fees that have been lumped does not dictate the percentage reduction." Thomas, 2009 WL 7751299, at *7. But "[t]he variance in the percentage of reduction for lumped billing [should] reflect the court's understanding of the litigation involved and its determination of what is reasonable within the context." Id.

In this case, the court had "'the benefit of first-hand contact with the litigation and the lawyers involved' [and] . . . it is well situated to make a determination as to what is reasonable under the circumstances." See Id. (quoting Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2006)). The court has reviewed each of the lumped time entries, which constitute 32% of the fees requested by Cohn Stewart. Given the lack of contemporaneous time records, the billing in 1/4th hour increments, and the high percentage of lumped services for which compensation is sought, the court will impose as a penalty a 20% reduction of the fees requested. In sum, the court will grant Reynolds a judgment against the Petitioning Creditors pursuant to 11 U.S.C. § 303(i)(1) for attorneys' fees of $22,740 reasonably expended to defend the involuntary chapter 11 petition filed by the Petitioning Creditors against him in this case.[5]

---

[5] Cohn Stewart seeks reimbursement of one expense in the amount of $50.00, which is described in Invoice # 10967 as a "Service Fee" incurred on September 12, 2014. LBR 2016-1(a)(1)(F) states: "An application that seeks reimbursement of actual and necessary expenses must include . . . (i) the date the expense was incurred; (ii) a description of the expense; (iii) the amount of the expense; and (iv) an explanation of the expense." LBR 2016-1(a)(1)(F) (emphasis added). Because there is no explanation of the expense in either Rengo's declaration or Invoice 10967, the court will disallow reimbursement of the "Service Fee."

A separate order will be entered consistent with this Memorandum Decision.

###

Date: March 9, 2015



Peter H. Carroll
United States Bankruptcy Judge